WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendants,*
*One West Bank, Fsb and Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUMBERTO HERNANDEZ<br><br>          Plaintiff,<br><br>     vs.<br><br>ONEWEST BANK FBS as success in interest to INDYMAC FEDERAL BANK FBS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERS., a corporation licensed to do business in NEVADA; REGIONAL TRUSTEE SERVICES CORPORATION, a corporation licensed to do business in NEVADA DOES 1 THRU 100 INCLUSIVE,<br><br>          Defendants. | Case No.:  2:11-cv-01461-KJD-PAL<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** |

Defendants, ONE WEST BANK, FSB and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. move to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b) for failure to state a claim upon which relief can be granted. Alternatively, Defendants seek summary judgment in favor of Defendants and against Plaintiff pursuant to Federal Rules of Civil Procedure 56. Plaintiff has failed to allege any facts that would bring his claims above a "speculative level" and has certainly failed to plead his fraud-

1  based claims with the require particularity and heightened specificity. All the claims against the
2  moving Defendants must therefore be dismissed and the lis pendens expunged.

## I. INTRODUCTION

Plaintiffs' thirty-five page Complaint lists six( two number ones) causes of action. The case is not part of the Multiple District Litigation concerning Mortgage Electronic Registration Systems, Inc. ("MERS").

The Complaint runs the gambit of legal theories, but provides no factual information to support the broad conclusions upon which the allegations of fraud and various statutory violations are premised. While Plaintiffs' style of conclusory pleading may have been sufficient for some claims under prior pleading standards, the U.S. Supreme Court has recently clarified, in two separate opinions, that some level of factual specificity is required to state a claim for relief. Plaintiff does not come close to meeting that standard here.

Pursuant to Local Rule 7-2, any Response and/or Opposition to this motion must be filed with this Court and served within 15 days after service hereof. Any Reply must be filed with the Court and served within 11 days after service of any response or opposition. Failure to file a timely opposition may result in the granting of the instant motion without hearing. This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any arguments entertained by the Court at the time of hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## II. LEGAL STANDARD

**A. Motion to Dismiss Standard**

Pursuant to F.R.C.P. Rule 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of her claims which would entitle them to relief, such that this Motion to Dismiss should be granted. *See, Puckett v. Park Place Entertainment, Corp.,* 332 F.Supp. 2d 1349, 1352 (D.Nev.20040).

To survive a motion to dismiss, a complaint must be filed showing plaintiff's entitlement to relief. This "requires more than labels and conclusions. A formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp v Twombly,* 127 S.Ct. 1955, 1664-66 (2007). Factual allegations must be enough to raise a claim above the speculative level. *Id.* (*citing* 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE SECTION 1216, AT 235-36 (3d ed. 2004)). Only "fair" inferences arising from the pleading must be accepted by the court. *Simpson v Mars, Inc.*, 929 P.2d 966, 967 (Nev. 1997). A complaint must set forth sufficient facts to establish all necessary elements of a claim for relief… so that the adverse party has adequate notice of the nature of the claim and relief sought.[1]  In order to plead a claim for relief, a party must include a statement of this claim.[2] The complaint must set forth sufficient facts to establish all necessary elements of a claim for relief so that the adverse party has adequate notice of the nature of the claim and relief sought.[3] When a defense appears on the face of the complaint, a motion to dismiss for failure to state a claim is proper.[4] A plaintiff's obligation to provide the grounds of his/her entitlement to relief requires more than levels, conclusions, and a formulaic recitation of the elements of the cause of action.[5] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Id. (internal citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion… However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss.[6] Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"

---

[1] *Hay v. Hay, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984); Liston v. Las Vegas Metro. Police Dep't, 111 Nev. 1575, 908 P.2d 720 (1995).*
[2] *Nevada Rules of Civil Procedure, Rule 8(a)*
[3] *Hay v. Hay, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984); Litton v. Las Vegas Metro. Police Dep't, 111 Nev. 1575, 908 P.2d 720 (1995).*
[4] *Kellar v. Snowden, 87 Nev. 488, 489 P.2d 90 (1971).*
[5] *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).*
[6] *Hal Roach Studios, Inc. v. Richard Feirer & Co., 896 F.2d 1542, 1555 n. 19(9th Cir. 1990).*

1  without converting the motion to dismiss into a motion for summary judgment.[7] Accordingly,
2  this Court may consider the recorded documents attached to this Motion without converting it
3  into a Motion for Summary Judgment.
4       A dismissal under Rule 12(b)(6) may be based upon the lack of a cognizable legal theory
5  or on the absence of sufficient facts alleged under a cognizable legal theory. *Kellar v. Snowden,*
6  87 Nev. 488 489 P.2d 90 (1971).

7      **B.**    **Alternative Standard re Summary Judgment**

8       Nevada Rules of Civil Procedure, Rule 56(c) and Federal Rules of Civil Procedure Rule
9  56(c) require summary judgment for the moving party when the evidence, viewed in the light
10 most favorable to the nonmoving party, shows that there is no genuine issues as to any material
11 fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c);
12 *Tarin v. County of Los Angeles,* 123 F.3d 1259, 1263 (9th Cir. 1997). "A material issue of fact is
13 one that affects the outcome of the litigation and requires a trial to resolve the parties' differing
14 versions of the truth." *SEC v. Seaboard Corp.* 677 F.2d 1301, 1306 (9th Cir. 1982).
15      The moving party bears the initial burden of establishing the absence of a genuine issue
16 of material fact. *Celotex corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met
17 by "showing' – that is, pointing out to the district court – that there is an absence of evidence to
18 support the nonmoving party's case." *Id.* At 325. Once the moving party has met its initial
19 burden, Rule 56(e) requires the nonmoving party to go beyond the pleading and identify specific
20 facts that show a genuine issue for trial. *Id.* at 323-24; see also *Anderson v. Liberty Lobby, Inc.*
21 477 U.S. 242, 248 (1986). "If the moving party will bar the burden of persuasion, that party must
22 present evidence that would entitle it to judgment as a matter of law in the absence of contrary
23 evidence." *Cuzze v. University and Community College System of Nevada,* 172 P.3d 131, 134
24 (2007).
25      Plaintiff cannot set forth any issues of disputed fact that would preclude entry of
26 summary judgment in favor of Defendants.
27
28

---

[7] *Branch v. Tunnell, 14 F.3rd 449, 454 (9th Cir. 1994).*

### III. FACTS

Plaintiffs provided lender IndyMac, FSB a promissory note in the amount of $184,000.00 secured by property at 7128 Desert Clover Ct., Las Vegas, Nevada 89129. (the "Property").  A Deed of Trust memorializing this agreement was recorded in the Clark County Recorder's office as Document 20060403-0000857 on April 3, 2006, listing Fidelity National Title Insurance Co. as the trustee.[8] On April 23, 2010, a Substitution of Trustee, dated October 12, 2009, substituted Regional Trustee Services Corporation for Fidelity National Title Insurance Co. as the Trustees. This Substitution was recorded in the Clark County Recorder's office as Document 201004230003497 on  April 23, 2010.[9] Plaintiff defaulted as of July 1, 2009. The Notice of Default and Election to Sell was recorded on October 12, 2009 in the Clark County Recorder's Office a Document 200910120002493.[10] This Notice was recorded by Regional Trustee Services Corporation, listed the beneficiary, and detailed the action necessary for curing the default. The beneficial interest was transferred from Indymac Bank FSB to Deutsche Bank National Trust Company by an Assignment of Deed of Trust, dated October 12, 2009, and recorded in the Clark County Recorder's Office on April 23, 2010, as Document number 201004230003496.[11]  A Trustee's Sale was noticed for September 13, 2011.[12] A Trustees Deed Upon Sale was recorded on September 16, 2011 as document number 201109160002408.[13]

### IV. DISCUSSION OF THEORIES

Plaintiffs' Complaint is based not on facts, but upon a number of myths concerning foreclosure. Prior to addressing each of Plaintiffs' causes of action, Defendants dispel these myths, which compose the vast majority on Plaintiffs' Complaint.

---

[8] See the true and correct recorded copy of the Deed of Trust attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "A."
[9] See the true and correct recorded copy of the Substitution attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "C."
[10] See the true and correct recorded copy of the Notice of Default and Election to Sell attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "D."
[11] See the true and correct recorded copy of the Assignment attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "E."
[12] See the true and correct recorded copy of the Notice of Trustee's Sale attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "F."
[13] See the true and correct recorded copy of the Lis Pendens  attached to the Request for Judicial Notice and incorporated herein by this reference as Exhibit "G."

**1.** **<u>The Non-Judicial Foreclosure Need Not Be Noticed by the Lender</u>**

Plaintiff spills copious amounts of ink regarding MERS involvement. MERS involvement is limited. MERS is the nominee of the true beneficiary, successor and assigns. Often, the true beneficiary (the lender/nominator) will indicate this distinction on the deed of trust by referring to MERS as the "beneficiary of record." This is a fiction. MERS is not a beneficiary in any ordinary sense of the word. Calling MERS a beneficiary is what causes much of the confusion. To a large extent, defendants in these actions have brought this mass litigation upon themselves by this confusing, unorthodox, and unnecessary use of the work 'beneficiary" to describe MERS' role. A lender/nominator need only refer to MERS as a "nominee." This is sufficient to establish that MERS is the agent of the lender with respect to administration of the deed of trust.

[A] subsequent holder ratifies a prior holder's assignment of nominees and trustees on a corresponding deed of trust by silence. This result would make senses because "the mortgage goes with the note." *Rodney v. Ariz. Bank*, 836 P.2d 434, 436 (Ariz. App. 1992) (quoting *Hill v. Favor*, 52 Ariz. 561, 568 (1938)). This has been the law in California since before the Civil War. *Ord v. Mckee*, 5 Cal. 515, 515 (1855) ("A mortgage is a mere incident to the debt which it secures, and follows the transfer of the note with the full effect of a regular assignment."). There does not seem to be any principle of law requiring a subsequent holder of a promissory note to re-execute an attendant security interest. There is no claim or indication in the present case that the current holder of the note, challenges the foreclosure. *Gomez v. Countrywide Bank,* FSB 2009 WL 3617650, *2 (D. Nev., October 26. 2009) (Slip Op.) Such is precisely the case herein. Similarly, the separation of the Note and Deed of Trust does not destroy the security interest. *Id.*

**V.**      **<u>DISCUSSION OF CAUSES OF ACTION</u>**

As shown below, each cause of action fails to state a claim for which relief can be granted, is not pleaded with the sufficient particularity, and is untenable under the applicable law. Further, the claims against Defendants are so inapplicable to these Defendants that they fail to meet even the most general of pleading requirements

1  Determining whether a complaint states a plausible claim for relief will, as the Court of
2  Appeals observed, be a context-specific task that requires the reviewing court to draw on its
3  judicial experience and common sense. This Court has seen this Complaint, in one guise or
4  another, often within the last several years. As such, This Court can, in keeping with these
5  principles, begin by identifying pleadings that, because they are no more than conclusions, are
6  **not entitled to the assumption of truth.** *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)
7  (emphasis added). Because all of Plaintiff's legal theories on which his claims are based defy
8  common sense, are contrary to the law, and Plaintiff fails to state cognizable claims for which
9  relief can be granted, each of his causes of action against Defendants also fail as a matter of law.

10  **1. Plaintiff's First Claim "Enforcement for Rescission and allow Loan Modification**
11  **(As Against ONE WEST Bank, FSB, et al and Regional Trustee Services**
12  **Corporation, and Does 1-20)" Fails as a Matter of Law as Plaintiffs**
13  **areAdmittedly in Default on Their Mortgage Obligations, inter alia.**

14  Plaintiff completely ignores the fact this complaint seeks a judgment against
15  Defendant that would award Plaintiff free use of the Subject Property and requests the court to
16  ignore the Plaintiff's obligations owed under the Deed of Trust, an obligation that Plaintiffs
17  agreed to by signing the Deed of Trust and accepting the loan funds upon the closing of the loan.
18  Plaintiff's theories in this regard are nothing more than assumptions that someone else has paid
19  their obligations. The overall theory of Plaintiffs' case sounds more in Wrongful Foreclosure,
20  even though not specifically alleged as such.[14] The cause of action for "wrongful foreclosure" is
21  defective as the adequacy of the notice provided by the Notice of Default, which substantially
22  complied with NRS 107.080. The order of the recording of documents by which the trustee was
23  substituted, the beneficial interest assigned, and the Default noticed pose no difficulties in this
24  matter. Plaintiff seeks injunctive and equitable relief regarding the Notice of Default recorded
25  regarding this property as well as Defendants licenses and ability to process the foreclosure in
26  the State of Nevada. In essence, not only do they want to bar the contemplated foreclosure sale,
27
28  ---
[14] A claim for Wrongful Foreclosure would be inapplicable as no foreclosure ha been completed as such, and such a claim would have to brought within 90 days of the foreclosure, pursuant to N.R.S. 107.080(5)

1 they wants to stop any further foreclosure despite their implicit acknowledgement that they have
2 not paid their obligation owed under the Deed of Trust. No facts plead justify this relief.

**An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff <u>not</u> be in breach of the mortgage contracts.** *Collins v. Union Federal Sav. & Loan Ass'n* 662 P.2d 610, 623 (Nev. 1983). To challenge the validity of a foreclosure action, a plaintiff must tender the undisputed amount due and owing on the secured indebtedness.[15] Under Nevada law, "[i]f there is anything well settled, it is that the party who commits the first breach cannot maintain an action against the other for a subsequent failure to perform."[16] In this matter, Plaintiffs admit by omission in the Complaint that they he has not paid his mortgage obligations The Defendant's records evidence that the last payment was in July of 2009, over two years before the foreclosure sale.

      **a.    Dismissal is proper as the noticing of the default complied with the Nevada law**

In Nevada, the instrument commonly used to secure a promissory note or mortgage given for a real property loan is a deed of trust. Basically, the encumbered property is conveyed by the mortgagor (sometime referred to as the trustor, grantor or borrowers) to the trustee, a title company, as security for repayment of the loan from the mortgagee (the beneficiary or lender). *See generally* NRS Chapter 107. The default and sale provisions in a Nevada deed of trust are regulated by statute. *See* NRS 107.080; 107.090; 21.130. The language of the Deed of Trust itself "establishes the rights and responsibilities of the parties and prescribed certain duties to be performed by the trustees."[17] The plain and unambiguous language of the recorded deed of trust signed by Plaintiff identifies that when Plaintiff is in default the beneficiary or Trustee may foreclose upon the Subject Property.

---

[15] *See Abdallah v. United Savings Bank,* 43 Cal. App. 4th 1101, 1109 (1996); see also, *United States Cold Storage v. Great Western Savings & Loan*, 165 CalApp.3d 1214, 1222 (Cal. Ct. App. 1985).
[16] *Bradley v. Nevada-California-Oregon Railway,* 42 Nev. 411, 421, 178 P. 906, 908 (1919).
[17] *Edwards v. John Hancock Mut Life Ins. Co.,* 973 F.2d 1027, 1030-1031 (1st Cir. 1992) (interpreting Nevada law).

The beneficiary of a Deed of Trust ordinarily has two means to enforce the security interest provided by the deed: (1) judicial foreclosure or (2) a trustee's sale. The Nevada Supreme Court explained:

> Deeds of trust within the meaning of NRS 40.430. Where a default has occurred, a beneficiary, under a deed of trust, can select the judicial process for foreclosure pursuant to NRS 40.430, or the procedure under NRS Chpt. 107, of foreclosure by a trustee's sale and then bring an action on the promissory note for any deficiency which may occur.[18]

The statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust," and that a person authorized to record the notice of default or the notice of sale includes the "beneficiary, the successor in interest of the beneficiary or the trustee." NRS 107.080.

All the purported defects alleged by Plaintiff do not warrant the voiding of the foreclosure sale. Even minor procedural errors do not void foreclosure sales.[19] As directed by the United States Supreme Court, state foreclosure statutes should not be second guessed or usurped, otherwise "every piece of realty purchased at foreclosure" would be challenged and title would be clouded in contravention of the very policies underlying deeds of trust and non-judicial foreclosure sales.[20]

Nevada has followed this same line, i.e. *Charmicor Inc. v. Bradshaw Finance Co.,* 550 P.2d 413, 92 Nev. 310 (1976) (Court did not abuse its discretion in denying an injunction of the foreclosure procedure under the theory that non-judicial foreclosure sales violate the principles of due process and equal protection); *Hankins v. Administrator of Veterans Affairs*, 555 P.2d 483, 92 Nev. 578 (1976) (Fact that notice of sale erroneously recited place of the foreclosure sale as North Las Vegas rather than Las Vegas did not invalidate the proceeding since mortgagors did

---

[18] *Nevada Land & Mtg Co v. Hidden Wells Ranch*, 83 Nev. 501, 504, 4352 P.2d 198, 200 (Nev. 1967).
[19] *See, e.g. Mortgage Elec. Registration Sys., Inc. v. Goduto,* 955 A.2d 544, 550 (Conn. App. 2008) (in deciding whether proper notice of default on mortgage was given to mortgagor, courts look at "primarily to the actual notice received rather than asking whether there has been a punctilious adherence to formality"). *Matter of Stanfield*, 6 B.R. 265 (Bk.Ct.D.Nev 1980).
[20] *BFP v. Resolution Trust Company,* 511 U.S. 531, 539-40, 544, 144 S.Ct. 1757, 128 L.Ed.2d 556 (1994); *Golden v. Tomiyasu,* 79 Nev. 503, 387 P.2d 989, 997 (1969).

not show that they were misled by the mistake); *Mclaughin v. Mutual Building & Loan Ass'n* of *Las Vegas,* 60 P.2d 272, 57 Nev. 181 (1936) (Where notice of sale required payment in United States gold coins, failure to change the notice so as to allow payment in legal tender did not invalidate the sale.); and *Turner v. Dewco Services, Inc.*, 479 P.2d 462, 87 Nev. 14 (1971)(There was not breach of the statutory foreclosure notice requirements by failing to send notice via certified mail when copy had been sent to grantor's attorney prior to foreclosure).

The purported defects asserted by the Plaintiffs are inaccurate and not grounds to set aside the foreclosure sale in this instance as a matter of law when the terms of Deed of Trust have been complied with and the Nevada noticing statutes have been followed under NRS chapter 107 in this matter. Accordingly, under Nevada law Plaintiff's complaint fails to state a claim as no ascertainable defect in the foreclosure process has been alleged by the Plaintiff.

Plaintiff seeks merely to cloud the issue of Plaintiff's admitted default with hypothetical situations.

### b. Dismissal is proper as Plaintiffs were provided notice of the ability to cure default but failed to cure

Plaintiffs' assertion that no foreclosure sale should occur is based upon an argument that the NOD purportedly improperly accelerated the Loan and therefore deprived Plaintiff of the notice of his opportunity to cure the amount of their default is inaccurate as shown by the record.[21] The NOD expressly states the following:

///

///

///

---

[21] *See* Complaint generally.

> There is now owing upon the note secured by said Deed of Trust the sum of $183,998.09 principal, with interest thereon from 6/1/2009. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as follows:
>
> FAILURE TO PAY INSTALLMENTS OF PRINCIPAL, INTEREST, IMPOUNDS AND LATE CHARGES WHICH BECAME DUE 7/1/2009 TOGETHER WITH ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST, IMPOUNDS, LATE CHARGES, FORECLOSURE FEES AND EXPENSES; ANY ADVANCES WHICH MAY HEREAFTER BE MADE; ALL OBLIGATIONS AND INDEBTEDNESSES AS THEY BECOME DUE; AND ANY INSTALLMENTS ALREADY MADE, THAT AT A LATER DATE PROVE TO BE INVALID.
>
> That by reason thereof, Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2006-AR11, Mortgage Pass-Through Certificates, Series 2006-AR11 under the Pooling and Servicing Agreement dated April 1, 2006, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said Trustee, such Deed of Trust and all the documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
>
> N.R.S. 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of the principal and interest which would not be due had no default occurred. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may thereafter be sold.
>
> **To find out the amount you must pay, or to arrange for payment to stop the foreclosure or if your property is in foreclosure for any other reason, contact: REGIONAL SERVICE CORPORATION, whose address is 616 1st Avenue, Suite 500, Seattle, WA 98104, (206) 340-2550.**

*See* Exhibit D.

The terms of the Deed of Trust are controlling and were fully complied with in the NOD.

The NOD in this instance gave Plaintiff full notice of his ability to cure and the terms of the cure, yet Plaintiffs admittedly did not seek to cure the default. The Court therefore should dismissed Plaintiff's claim of wrongful foreclosure since Plaintiff was given full notice and opportunity to cure the default, yet they have chosen to litigate this matter instead of cure the default.

    **c. Plaintiffs' allegation that Defendants did not have standing to foreclose is an inaccurate interpretation of Nevada law and the Deed of Trust**

Plaintiff improperly asserts that moving Defendant has to prove their own standing before being allowed to foreclose upon the subject property. The default and sale provisions in a Nevada deed of trust are regulated by statute.[22] NRS 107.080 sets forth the non-judicial foreclosure process and procedures but does not require such a burden upon the lender, its

---

[22] *See* NRS 107.080; 107.090; 21.130.

assigns, successors, agents or nominees.   Instead, it is well settled Nevada law that the terms of the Deed of Trust are controlling regarding the foreclosure process.[23]   The language of the Deed of Trust itself "establishes the rights and responsibilities of the parties and prescribed certain duties to be performed by the trustees."  In this instance, under the terms of the Deed of Trust, Plaintiff has acknowledged the following terms:

> ■ MERS "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."[24]
>
> ■ Substitute Trustee – "Lender at its option may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."
>
> ■  Sale of Note –"The Note or a partial interest in the Note (together with this Security Instrument) can be sold on e or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.[25]

In this instance, the moving Defendant is clearly are not a stranger to the Note and Deed of Trust.  One West Bank FSB is the servicer and attorney in fact for the beneficiary and has been since 2006 per the pooling and servicing agreement dated April 1, 2006.  This is undisputed by the facts and evidence in this matter.  Plaintiff now claims ignorance of these facts as grounds to allege wrongful foreclosure, however, the terms of the Deed of Trust are clear that the Lender was authorized to sell the Note which runs with the Deed of Trust without notice to Plaintiff.  There are no grounds for Plaintiffs to allege wrongful foreclosure sale when at all times he was aware of the identity of the loan servicer upon whom payment was to be made by Plaintiffs.

Under Nevada law, the Note and Deed of Trust run together as one and therefore the theory that the same has been "split" is a fiction and misnomer.  In fact the Nevada Supreme

---

[23] *Edwards v. John Hancock Mut Life Ins. Co.*, 973 F.2d 1027, 1030-1031 (1st Cir. 1992) (interpreting Nevada law).
[24] *See* **Exhibit B,** page 2**.**
[25] *See* **Exhibit B,** page 14, heading 20.

Court Decision from 1969, *Giorgi v. Pioneer Title Insurance Company*, succinctly summarizes the problem and the solution to the conflict of recording requirements and the ability to transfer debt and holds that the Note cannot be split from the Deed of Trust. 85 Nev. 319, 454 P.2d 104. Furthermore, Nevada law has traditionally held that the deed of trust enforceable, and that even situations where the debt could be extinguished, the mortgage will still exist. *S.T. Henry v. The Confidence Gold and Silver Mining Company*, 1 Nev. 619, 1865 WL 1098 (1865). The question posed to the Court was whether an unenforceable debt, initially secured by a mortgage but barred by the statute of limitation, would cause the related mortgage to be extinguished. *Id.* The *Henry* Court rejected such a conclusion, concluding that even if a statute of limitations caused a bar to the enforcement of the note, the holder of note could still "maintain his action of ejectment for the land mortgaged, or file his bill in equity."

Plaintiff's insistence that standing lacks unless the Defendant proves their own standing is no found in law or equity. Under Nevada law, an Assignment is neither required nor necessary. The only statute the references "assignments" of the beneficiary interest is NRS 106.210 which states as follows:

**NRS 106.210 Recording of assignments of mortgages or beneficial interests in deeds of trust; constructive notice.**
     1. Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust *may* be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons.
     2. Each such filing or recording shall be properly indexed by the recorder. [emphasis added].

There is no requirement that the beneficiary interest be recorded or that a "chain of beneficiary interest" be proven in order to foreclose. In fact, the identity of the investor is irrelevant to whether Plaintiffs owe money under the note and Deed of Trust, and is akin to alleging that their default is justified because they do not know who they are failing to pay. This is false again as the Deed of Trust states that the borrower is to pay the Loan Servicer, not the beneficiary. The Loan Servicer provides monthly statements to the borrower, not the beneficiary. Therefore the identity of the beneficiary is completely irrelevant for purposes of

borrower's payment under the Note and Deed of Trust.  The Plaintiff is left with the fact that he living in property on which he still owes money yet refuses to pay.

### 2. **Plaintiffs First (sic) Cause of Action for Slander of Title (As Against ONE WEST BANK, FBS(sic), et al and REGIONAL TRUSTEE SERVICES CORPORATION and Does 1 through 20**

Slander of title involves (1) false and malicious communications; (2) disparaging to one's title in land; (3) causing special damage. *Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (Nev. 1987) (internal citations omitted). A plaintiff alleging a claim for slander of title must meet a heightened pleading standard. Nevada Revised Statute § 107.80(2)(c) gives the trustee the power of sale once the notice of default has been recorded.

Plaintiffs' claim fails because defendant lenders recorded a valid note of default against the property on October 12, 2009 , and the plaintiff has failed to allege facts that support a finding that the recording of the default involved either false or malicious communication. Specifically, in the complaint, plaintiff has failed to state *what* communications were false, *how* the defendant acted with malice, and *what* special damages he suffered, as required by Rule 8. Fed. R. Civ. P.8. Therefore, the plaintiff's claim for slander of title should be dismissed.

### 3. **The Second Cause of Action – Trespass on the Contract – (As Against ONE WEST BANK, FBS(SIC) et al and REGIONAL TRUSTEE SERVICES CORPORATION and Does 1 through 20 fails.**

Plaintiff asserts in this cause of action that the recording of the substitution of trustee on April 23, 2010, after the issuance of the Notice of Default on ---- voids the substitution "ab initio", and subsequently, the foreclosure.  This is incorrect. The language of the Deed of Trust itself "establishes the rights and responsibilities of the parties and prescribes certain duties to be performed by the trustees." *Edwards v. John Hancock Mut. Life Ins. Co.,* 973 F.2d 1027, 1030-

1  31 (1ˢᵗ Cir. 1992)(interpreting Nevada law.)  The Nevada Supreme Court, in a recent unpublished
2  decision, *Foust v. Wells Fargo, N.A.* No. 55520, 2011 WL 3298915, at *2, n.5 (Nev.July 29,
3  2011) discussed the same.  In *Foust*, footnote 5 on p. 6, the court states that

> "In order for a substitution of trustee to be valid, it must be in the
> matter and form required by the provisions of the deed of trust, unless
> additional formalities are required by statute.  55 Am. Jur. 2d Mortgages § 934
> (2009).  Nevada has no applicable statute, although NRS 107.030(9) provides
> an optional covenant related to substitution of trustees that may be included in
> a deed of trust.  Because the proposed covenant in NRS 107.030(9) is not
> required and the deed of trust here did not include that covenant, we look to the
> Fousts' deed of trust for provisions regarding substitution of trustees.  The
> deed of trust signed by the Fousts states in regard to substitutions of a trustee:
> "lender at its option, may from time to time remove Trustee and appoint a
> successor trustee to any Trustee appointed hereunder'".

Similarly, the Deed of Trust signed by the Trustor in this matter states, at number 24, that

> "Substitute Trustee – Lender at its option may from time to time
> remove Trustee and appointe a successor trustee to any Trustee
> appointed hereunder.  Without conveyance of the Property, the successor
> trustee shall succeed to all the title, power and duties conferred upon
> Trustee herein and by Applicable Law."

The covenants of 107.030(9) that had not been adopted in Foust were also not adopted in this matter in the subject deed of trust.

///
///
///

4. **Plaintiffs Third Cause of Action for Violation of Business and Professions Code Section 17200 (As Against ONE WEST BANK, FBS(SIC) et al and REGIONAL TRUSTEE SERVICES CORPORATION and Does 1 through 20**

Clearly the cited section of the California Business Code is inapplicable in this matter. Although the exact allegations are unclear, and in spite of the title of the claim, Plaintiff appears to be claiming infliction of mental distress.

No allegation has been made as to any of conduct of ONE WEST BANK, FSB that may have inflicted emotional distress upon Plaintiff.[26] Accordingly, Plaintiff's claim fails to state a claim upon which relief may be granted.

The elements of a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress (2) the plaintiff's having suffered or extreme emotional distress and (3) actual or proximate causation."[27] In order to be liable for this cause of action, there must be an underlying tort committed by the defendant which could give rise to the claim.[28] No tort by OWB has been identified, let alone are there any allegations of "extreme and outrageous" conduct on OWB part. OWB was the loan servicer, and no allegations have been made regarding those acts. Acting in a manner permitted by law will not give rise to the requisite intent or reckless disregard required for infliction of emotional distress.[29] For the same reason, punitive damages must be denied.

5. **Plaintiffs Fourth Cause of Action : Deceptive Business Practices (As Against ONE WEST BANK, FBS(SIC) et al and REGIONAL TRUSTEE SERVICES CORPORATION and Does 1 through 20)**

Although the claim is titled Deceptive Business Practices, the actual allegations again concern the validity of the assignment of the Deed of Trust, and of the substitution of the trustee.

---

[26] *See Complaint ¶¶158-162.*
[27] *Star v. Rabello, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981).*
[28] *Shoen v. Anerco, Inc. III Nev. 735, 896 P.2d 469 (1995).*
[29] *Mackintosh v. California federal Sav. & Loan Ass'n, 113 Nev. 393, 935 P.2d 1154 (1997).*

1 Nevada simply does not require the recording of either the Substitution of Trustee of the
2 assignment of the Deed of Trust to make them effective and valid, as claimed by the Plaintiff.
3 The effectiveness of the substitution of trustee was clarified in Cause of Action number two.
4 The *Foust* case cited in cause of action number two also discusses assignments of Deeds of trust
5 in footnote 5, at page 6 – "The Fousts' argument that Wells Fargo was not derinitevely able to
6 enforce the note because the assignment ot Wells Fargo did not record until February 25, 2009 ,
7 is also without merit.  *Although a party may record a deed of trust, recordation is not necessary*
8 *for the assignment to be effective and operates simply to give notice.*" (emphasis added).
9     NRS 106.210 states as follows that a deed of trust only *may* be recorded. (underlining of
10 the word "may" added")

**NRS 106.210  Recording of assignments of mortgages or beneficial interests in deeds of trust; constructive notice.**
   1.  Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons.
   2.  Each such filing or recording shall be properly indexed by the recorder.
   [Part 1:120:1935; 1931 NCL § 2122.31]—(NRS A 1965, 924)

### 6. Plaintiff's Fifth Cause of Action : Wrongful Conversion of Real Property (As Against ONE WEST BANK, FBS(SIC) et al and REGIONAL TRUSTEE SERVICES CORPORATION

Plaintiffs' Fifth claim for relief do not state cognizable claims, but merely again recites factual allegations regarding the alleged invalidity of the substitution of trustee, already alleged in their claims number two and four.  The Notice of Default was not defective and the substitution of trustee was valid, as were the relevant provisions of the Deed of Trust which were complied with, as was NRS 107.080.

## VI. CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety as to Defendants, or alternative summary judgment granted in favor of Defendants and any further relief this court deems proper.

DATED this 114th day of October, 2011.

                WRIGHT, FINLAY & ZAK, LLP

                /s/ Donna M. Osborn, Esq.
                Donna M. Osborn, Esq.
                Nevada Bar No. 006527
                5532 South Fort Apache Road, Suite 110
                Las Vegas, NV 89148
                *Attorneys for Defendants,*
                *One West Bank, Fsb and Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP; that service of the foregoing **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** was made on the 13th day of October, 2011, by depositing a true copy of same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Humberto Hernandez
7128 Desert Clover Ct.
Las Vegas, Nevada 89129


_/s/ Erica Baker_____
An Employee of WRIGHT, FINLAY & ZAK, LLP